## TYRRELL RICE MILLING CO. et al. v. Mc-FADDIN–WIESS–KYLE LAND CO.

### No. 1875.

Court of Civil Appeals of Texas. Beaumont.
Oct. 9, 1930.

Rehearing Denied Nov. 12, 1930.

A. L. Calhoun and Chas. D. Smith, both of Beaumont, for appellants.

J. L. C. McFaddin and Howth, Adams & Hart, all of Beaumont, for appellee.

O'QUINN, J.

This suit originated in the following facts: During the season of 1923 appellee, McFaddin-Wiess-Kyle Land Company, a partnership, furnished water to Texas Rice Land Company to irrigate about 800 acres in rice. When the crop matured a dispute arose as to the amount of rent due by Texas Rice Land Company for the use of the water. Texas Rice Land Company sold the rice raised by it upon this land to appellants Tyrrell Rice Milling Company and Atlantic Rice Mills Company. These companies afterwards sold a part of the rice to Adolph Pfeffer. After these sales appellee instituted suit against Texas Rice Land Company as the grower of the rice for $11,-705.60, the amount claimed by it as water rent, with interest at 8 per cent. per annum as per the rental contract, and for foreclosure of its lien against the rice. The purchasers of the rice were all made parties defendant upon appropriate allegations to the effect that they had purchased the rice, etc. While that suit was pending, Tyrrell Rice Milling Company and Atlantic Rice Mills Company deposited $13,000 with the City National Bank, on the theory that this sum was the purchase price of the rice purchased by them from Texas Rice Land Company under the following written agreement, to wit:

"The State of Texas, County of Jefferson:

"Whereas, the McFaddin-Weiss-Kyle Land Company has brought suit in the District Court of Jefferson County, Texas, against the Texas Rice Lands Company, the Tyrrell Rice Milling Company, the Beaumont Rice Mills, the Atlantic Rice Milling Company and Adolph Pfeffer & Company, all corporations, and Chas. J. Chaison and Adolph Pfeffer, in cause No. 22839, styled McFaddin-Weiss-Kyle Land Company v. Texas Rice Land Company et al., claiming in said suit the sum of $11,-705.60, with interest thereon from November 1st, 1923, at the rate of eight per cent. (8%) the particulars in said suit fully set forth in the plaintiff's petition therein, reference being here made for said particulars, and the same plaintiff has sued or is threatening to sue the same parties in the County Court of Jefferson County at Law for the sum of $400.-00 and

"Whereas, the undersigned have in their hands the sum of thirteen thousand ($13,000.-00) dollars involved in said litigation, which we here now agree shall be held by and is contemporaneously herewith delivered to the City National Bank of Beaumont until said suits have terminated and when terminated, either by final judgment or by agreement between the said McFaddin-Weiss-Kyle Land Company and the said Texas Rice Land Company, the said City National Bank of Beaumont shall pay the said sum of money, or so much thereof, as is disposed of by the judgments or by agreement of settlement in said two suits, according to said judgments or agreements of settlement, that is to say, the said bank shall pay to the said McFaddin-Weiss-Kyle Land Company the sum of money, if any, which it may recover in said suits or which may be agreed upon by it and the said Texas Rice Land Company and the remainder of said thirteen thousand ($13,000.00) dollars, if any, shall be paid to the said Texas Rice Land Company or shall pay to the Texas Rice Land Company said thirteen thousand ($13,000.00) dollars if judgment should be in its favor.

"All interest earned by said thirteen thousand ($13,000.00) dollars from said bank shall

be paid over to the parties to this instrument, half and half, that is to say, one-half to the Atlantic Rice Milling Company and one-half to the Tyrrell Rice Milling Company.

"It is understood that this sum of Thirteen thousand ($13,000.00) dollars is here now impounded for the above mentioned purposes the same as if deposited in the registry of the court for distribution under its judgment.

"In testimony whereof, witness the hands of the parties hereto this the 22nd day of January A. D. 1924. "Atlantic Rice Mills Co.,
          "C. F. Corley,
               "Secretary & Treasurer,
     "Tyrell Rice Milling Co.,
          "By Smith & Jackson,
               "Attorneys.

"Received the above sum of $13,000.00 to be held subject to the conditions above named; said sum to be subject to 4 per cent interest if held for six months or longer.
               "W. L. Pondrom,
                    "Vice President,
               "City National Bank,
                    "Beaumont, Texas."

Afterwards this agreement was amended with consent of all the parties thereto by making Adolph Pfeffer an additional party to the contract. As a condition of the amendment, Adolph Pfeffer deposited with the City National Bank $3,211.30, and Tyrrell Rice Milling Company and Atlantic Rice Mills Company took down an equal sum. It thus appears under both contracts of deposit the amount was the same, to wit, $13,000. Appellee was not a party in any way to these agreements; that is, it did not join in their execution. However, with actual knowledge of these deposit agreements and of their conditions and that the interest on the deposit of $13,000 was under the agreement, to be paid to Tyrrell Rice Milling Company and Atlantic Rice Mills Company, and with further actual knowledge that the interest had been so paid as per the terms of the agreement, appellee settled its cause of action against Texas Rice Land Company by the following written agreement duly filed of record:

"The State of Texas,
"County of Jefferson

"Whereas, there was deposited in the City National Bank of the City of Beaumont, the sum of Thirteen Thousand ($13,000.00) Dollars, said deposit being made by Tyrrell Rice Milling Company, Atlantic Rice Mills Company, and Adolph Pfeffer & Company, the said deposit being made on or about the 22nd day of January, 1924, said sum of Thirteen Thousand ($13,000.00) Dollars being held to protect said parties against liability by reason of a controversy between the Texas Rice Land Company and McFaddin Wiess Kyle Land Company, the said McFaddin Wiess Kyle Land Company claiming $12,105.00 for water

charges for irrigating the rice of the Texas Rice Land Company for the year 1923; and

"Whereas, the Texas Rice Land Company and McFaddin Wiess Kyle Land Company have settled said controversy and the litigation respecting the same and under the terms of said settlement it was provided that of the said sum of Thirteen Thousand ($13,000.-00) Dollars held in said Bank $11,705.60 should be paid to McFaddin Wiess Kyle Land Company, and that the remainder of said Thirteen Thousand ($13,000.00) Dollars, to wit, $1,294.40 should be paid to the Texas Rice Land Company;

"Now, therefore, it is agreed and said Bank is hereby authorized (this agreement evidencing such authority) to pay to McFaddin Wiess Kyle Land Company the said sum of $11,705.-60 and that the said sum of $1,294.40 shall be paid to the Texas Rice Land Company.

"Witness our signatures in quintuplicate originals, at Beaumont, Texas, this 29 day of October, 1925.
     "McFaddin-Wiess-Kyle Land Company
          "By W. P. H. McFaddin, Manager.
     "Texas Rice Land Company
          "By Chas. J. Chaison, President.
     "Tyrrell Rice Milling Company
          "By B. A. Steinhagen, Pres.
     "Atlantic Rice Mills Company
          "By O. F. Corley
     "Adolph Pfeffer & Company
          "By Adolph Pfeffer."

Under the agreement appellee was paid by the City National Bank from the $13,000 the sum of $11,705.60, and the balance of the $13,-000 was paid to Texas Rice Land Company. This settlement ended the litigation between the parties as the case then stood on the docket.

After that suit had been settled upon the agreement as stated, this suit was instituted in the district court of Jefferson county by McFaddin-Wiess-Kyle Land Company against Tyrrell Rice Milling Company and Atlantic Rice Mills Company to recover of them the amount of interest paid them by the City National Bank for the use of the funds deposited by them under the above-copied written deposit contracts. Appellee sought recovery of this interest on the following theories as reflected by its counter propositions:

"First Proposition. When a party to a suit, wherein two other parties are claiming a fund held by such party, deposits such a sum in escrow as though deposited in the registry of the court, to be paid to the successful party in such litigation, in order to relieve himself of further liability as the holder thereof, by definitely putting aside such sum as the fund in litigation, the beneficial ownership of such fund vests at once in the other parties and such party is no longer entitled to the use or income from such fund and the owners thereof, when determined, may collect from such

party all sums actually received by him as interest upon such fund thus appropriated.

"Second Proposition. When a party to a suit, who is a defendant therein, and against whom judgment is asked by the plaintiff for a certain sum with interest thereon. based upon his unlawful conversion of property upon which the plaintiff therein has a lien, definitely sets aside and appropriates a fund sufficiently large to cover the plaintiff's claim and, with consent of all parties, places such fund in escrow, pending the outcome of the litigation to be paid to the plaintiff or his co-defendant, whichever is successful, in order to relieve himself of further liability in regard to the matter he no longer retains any interest in the fund or the use or the income therefrom, and the ownership thereof vests in the claimants thereto and any interest earned thereon belongs to such other parties who may recover any sums of money such first party receives as interest upon such sum.

"Third Proposition. When a party receives funds earned as interest upon a sum of money belonging to another, he becomes liable to such other for such funds received which may be recovered in an action for money had and received, by the owner of the principal fund.

"Fourth Proposition. Where, in the settlement of a controversy by the major parties to a suit, one of said parties was ignorant of the existence of an incidental and entirely separate claim against a minor defendant arising subsequent to the inception of the original controversy, parol evidence may be received to determine whether or not such claim was included in the settlement of the original controversy, no mention thereof being made in the instrument concluding such settlement."

The general denial filed by the defendants, appellants herein, raised all the necessary defenses material on this appeal. Upon trial to the court without a jury, judgment was entered for appellee against each of the appellants for the sum of $370.16. Appeal has been duly perfected from this judgment.

■ The judgment of the lower court must be reversed and judgment here rendered in favor of appellants. The liability of appellants to appellee was secondary measured by the amount due by Texas Rice Land Company under its irrigation contract. In no event could appellants be liable to appellee for any sum in excess of the liability of Texas Rice Land Company. The amount of this liability, as claimed in the original suit, was liquidated by agreement and fixed at the sum of $11,705.60. The payment of this sum by Texas Rice Land Company extinguished all demands of every character whatsoever against Texas Rice Land Company and its vendees of the rice. The money on deposit with the City National Bank never at any time belonged to appellee until it became entitled thereto by virtue of the settlement agreement btween it and Texas Rice Land Company. If it should be conceded, for the purposes of argument, that the effect of the contract between Tyrrell Rice Milling Company and Atlantic Rice Mills Company and the City National Bank was to substitute the $13,000 for the rice upon which appellee had a lien, and to transfer the lien from the rice itself to the $13,000, and that is the most favorable construction that can be given the agreement as affecting appellee's rice, still the agreement gave appellee no title to this money or any part thereof but only a lien thereon to protect it in its claim against Texas Rice Land Company. When that claim was extinguished, as per the agreement above discussed, all claims on the part of appellee against all of the original defendants were extinguished in full and the balance of that fund belonged, not to appellee, but to Texas Rice Land Company.

■ We have no quarrel with appellee's theory of the case reflected by its counter propositions as legal propositions, but the law as invoked by appellee has no relation whatever to the facts of this case. The $13,000 was not deposited in court, but with the City National Bank under a special contract of deposit. This contract and all its terms was binding upon all parties thereto and upon all parties who claimed its benefits. Appellee could not claim under this contract to the amount of $11,705.60 and appropriate said money to its own use and benefit, and then repudiate the condition of the contract directing that the interest sued for herein be paid to appellants. Not being a party to the contract, appellee was not compelled to resort thereto but could have had judgment with execution against its tenant, the Texas Rice Land Company, for the amount of its rentals with foreclosure of its lien against the rice and for a like sum against these appellants. Had the case been tried on its merits, the verdict of the jury and judgment of the court would have fixed the amount of liability against each defendant. But as the case went off the docket by agreement, which appropriated the $13,000, all parties became bound by all the terms of the contract. Under no possible theory of law could appellants be held liable to appellee for the interest sued for.

Reversed and rendered.