## PROPECK v. FARMERS' MUT. INS. ASS'N OF GRAYSON COUNTY.

### No. 11307.

Court of Civil Appeals of Texas. Dallas.

Nov. 18, 1933.

For former opinion, see 63 S.W.(2d) 227.

J. H. Randell, of Denison, for appellant.

B. F. Gafford, of Sherman, for appellee.

LOONEY, Justice.

In its second motion for rehearing, appellee contended that, to the extent of the damages collected by appellant from the Missouri-Kansas & Texas Railroad Company, whose alleged negligence caused the destruction of the insured property, appellee would be entitled to relief from liability on the judgment in favor of appellant.

Neither the issue of subrogation nor the right to an offset was pleaded in the court below, the matter being called to our attention for the first time in appellee's sec-ond motion for rehearing. However, appellant had seemingly recognized appellee's equitable right to subrogation, in that he alleged that at first he did not press appellee for settlement, but endeavored to collect damages from the railroad company, and to that end instituted suit against the company; but the result of the suit was not disclosed, nor were we advised by the record what, if any amount, was collected by appellant as damages from the railroad company. In the court below appellee stood altogether upon its defense of nonliability, so, in that status of the pleadings, we were not called upon to adjudicate the question of subrogation or set-off. We thought, however, that if the case was left in a situation that would permit appellant to recover the full amount of the loss, without accounting to appellee for the damages collected from the railroad company, a probable injustice might result, as the rule seems to be well settled that, if an insured settles with or releases a third party (the railroad company in the instant case) from liability for the loss before being paid by the insurer, the latter's right to subrogation against the third party would be lost, but to the extent of the payment made by the third party to the insured, the insurer should be relieved of liability. 26 C. J. 459, § 623f, and authorities cited. So, to avoid possible injustice, we sustained appellee's second motion for rehearing, set aside our judgment in favor of appellant, and thereupon rendered judgment as before; but believing that appellee was entitled to an offset, to the extent of the net damages collected, from the railroad company, we remanded the cause to the trial court, with directions to ascertain the facts and release appellee from liability on the judgment, to the extent of damages, if any, collected from the railroad company, less expenses of collection.

We now have under consideration appellant's motion for rehearing, in which he complains vigorously of the order remanding the cause with instructions, his contention being that, if his loss from the destruction of the items insured—i. e., the barn and the feed stuff therein—exceeds the amount recovered from the insurer and railroad company, less cost to collect, neither the right of subrogation nor set-off would exist. We have reached the conclusion that the contention of appellant is correct, as it seems to be well settled that neither subrogation nor set-off is available to an insurer if the loss is in excess of the amounts recovered from the insurer and the third party, causing the loss. See 26 C. J. 460, § 624; Camden Fire Ins. Ass'n v. Missouri, etc., Ry. Co., 175 S. W. 816, 821; Washtenaw Mut. Fire Ins. Co. v. Budd, 208 Mich. 483, 175 N. W. 231.

As the questions of subrogation and set-off are not properly before us by either pleadings or proof, we realize the utter futility of any attempt on our part, by instructions to the trial court, to compose these questions; hence, we have concluded to set aside the judgment rendered on appellee's second motion for rehearing, and to again render judgment for appellant as originally, but without prejudice to the right of appellee to establish in a separate proceeding its right to set-off, if, under the doctrine announced in the authorities above cited, the facts should justify such claim.

We therefore sustain appellant's motion for rehearing, set aside the judgment rendered on appellee's motion for rehearing, and render judgment as originally for appellant, but without prejudice to the rights of appellee, as above indicated.

Appellant's motion for rehearing sustained; judgment below reversed and rendered for appellant. The opinion written on appellee's second motion for rehearing is withdrawn.