**Mike ORTIZ and Olivia Ortiz,**
**Appellants,**

v.

**GREAT SOUTHERN FIRE & CASUAL-**
**TY INSURANCE CO., Appellee.**

**No. 9010.**

Court of Civil Appeals of Texas,
Amarillo.

Sept. 24, 1979.

Rehearing Denied Oct. 17, 1979.

Brown & Brown, Russell D. Daves, Lubbock, for appellants.

Bill A. Davis, Lubbock, for appellee.

COUNTISS, Justice.

Mike and Olivia Ortiz appeal a judgment granting Great Southern Fire & Casualty Insurance Company, intervenor and subrogee for money paid for repairs pursuant to a fire insurance policy, recovery from a settlement fund negotiated by the insurer and the insureds with the defendants. We affirm the trial court's judgment.

Mike and Olivia Ortiz owned and occupied a dwelling insured for $8,500 with Great Southern Fire & Casualty Insurance Company against loss by fire. The policy insured only the dwelling and did not provide for indemnification to Mr. and Mrs. Ortiz for loss to their personalty. On December 10, 1976, a fire erupted which did considerable damage to the Ortiz home and its contents. Mr. and Mrs. Ortiz then sued Ernest A. Ekberg and Stacy-Mason, Inc. for their loss alleging that the fire was caused by carpet padding negligently placed over a floor furnace, causing damage of at least $4,000.00 to their real property and at least $11,614.00 to their personal property.

Subsequently, Great Southern Fire & Casualty Insurance Company filed its Petition of Intervention claiming that it was subrogated to Mr. and Mrs. Ortiz's claim against defendants Ekberg and Stacy-Mason, Inc. in the amount of $4,000.00 which it had paid to the Ortizes for repairs to the insured dwelling. The Ortizes filed an answer denying Great Southern's right of subrogation as to the $4,000.00 payment for repairs. All parties to the suit then entered into a settlement agreement and release of all claims against the defendants. The settlement agreement stated that:

WHEREAS, the Plaintiff has alleged Four Thousand and No/100 ($4,000.00) Dollars in damage to Plaintiff's real property, and Eleven Thousand Six Hundred Fourteen and No/100 ($11,614.00) Dollars in damage to Plaintiff's personal property, which amount could well have been proved by the Plaintiff. . . .

That for and in consideration of the sum of Ten Thousand and No/100 ($10,000.00) Dollars, paid into the hands of the District Clerk of Hockley County by the insurers of Defendants, Ernest A. Ekberg and Stacy-Mason, Inc., the receipt of which is hereby acknowledged, the Plaintiff and Intervenor do hereby release Defendants, Ernest A. Ekberg and Stacy-Mason, Inc., . . . of and from any and all actions, causes of action, claims, demands, damages, expenses, loss of compensation, and liability of any nature . . . growing out of the above described occurrence, . . . and further agree that said cause shall be dismissed with prejudice at cost of each said Defendant.

Thereafter, Mr. and Mrs. Ortiz filed their Second Amended Original Petition on November 30, 1977, in which they alleged defendant's negligence damaged their real property in the amount of at least $4,200.00 and their personal property in the amount of at least $27,305.50. Great Southern then moved for summary judgment on its claim for subrogation in the amount of $4,000.00. The Ortizes also filed a motion for summary judgment claiming the entire $10,000.00 which had been deposited in the registry of the court.

The trial court granted Great Southern's motion for summary judgment, denied the Ortizes' motion, awarded Great Southern $4,000.00 out of the proceeds on deposit in the registry of the court, and disbursed the remaining $6,000.00 to the Ortizes.

In this court, Mike and Olivia Ortiz attack the judgment of the trial court on two points of error. They contend, first, that the trial court erroneously granted Great Southern's motion for summary judgment because a genuine issue of a material fact existed, and second, that the court erred in denying their motion for summary judgment because the evidence established as a matter of law that Great Southern was not entitled to subrogation.

Our analysis of the case requires the resolution of three questions: First, does Great Southern have any right of subrogation under the facts of this case; second, if so, must the Ortizes recover from the alleged tortfeasor the entire amount of damage they suffered to both the insured and uninsured property before Great Southern's subrogation rights permit it to be reimbursed from the settlement fund negotiated by the parties; and third, is there a material disputed fact question concerning the amount of damage suffered by Mr. and Mrs. Ortiz?

There is substantial disagreement between the parties over the existence of a contractual right of subrogation under the policy in question. It is not, however, necessary for us to resolve this controversy because Great Southern was entitled to equitable subrogation under the facts of this case, irrespective of any contractual right of subrogation.[1]

Mr. and Mrs. Ortiz admitted, and it is undisputed, that Great Southern's policy covering the house was in force on the date of the loss, and that Great Southern paid $4,000.00 to the Ortizes in accordance with the policy terms as a result of the loss. Upon payment of a loss under a policy, the insurer acquires the right to be subrogated pro tanto to any cause of action the insured may have against any third person whose act caused the loss. *Magnolia Pipe Line Co. v. Security Union Ins. Co.*, 37 S.W.2d 1062, 1063 (Tex.Civ.App.—Beaumont 1931, no writ). This right of subrogation may arise without any express stipulation to that effect in the policy based upon the principal of equity. *Magnolia, supra*, at 1063; *Fort Worth & Denver Ry. Co. v. Ferguson*, 261 S.W.2d 874, 879 (Tex.Civ.App.—Fort Worth 1953), writ dism'd). The doctrine of subrogation is given a liberal interpretation and is broad enough to include every instance in which the insurer, not acting voluntarily but under a contract of indemnity, pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged. *Galbraith-Foxworth Lumber Co. v. Long*, 5 S.W.2d 162, 167 (Tex.Civ.App.—Dallas 1928, writ ref'd); *McBroome-Bennett Plumbing, Inc. v. Villa France, Inc.*, 515 S.W.2d 32, 37 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.). The right of subrogation is granted to the insurer because the insured would otherwise receive a double recovery, which the law refuses to sanction. *Publix Theatres Corporation v. Powell*, 123 Tex. 304, 71 S.W.2d 237, 241 (1934).

We hold, therefore, that upon payment under the policy of the $4,000.00 loss suffered by Mr. and Mrs. Ortiz, Great Southern acquired an equitable right of subrogation in that amount against the parties who allegedly caused the loss.

1. We do not hold that Great Southern did not have a contractual right of subrogation. We simply do not reach that question.

■ Having decided that Great Southern had an equitable right of subrogation against the defendant, the second question presented is whether that right permits it to be reimbursed from the settlement fund negotiated by the parties. A lump sum settlement of $10,000.00 was negotiated and placed in the registry of the trial court with no allocation of the funds to any particular item of damage. The Ortizes' live pleadings at the time of settlement alleged "at least" $4,000.00 damage to their realty (insured) and "at least" $11,614.00 damage to their personalty (uninsured). The Ortizes argue that Great Southern is not entitled to reimbursement from the settlement fund because they did not recover the total amount of damage they incurred, and therefore, all of the fund should be allocated to them. In essence, they contend that the insurance company can receive reimbursement only to the extent that the settlement fund and the amount recovered from Great Southern exceeds the total amount of damage they suffered to both their insured and uninsured property.[2]

We have not found a case we regard as authoritative on the unique question thus presented. We are convinced, however, that the resolution of the question by the trial court was correct. When the settlement was negotiated by the parties, the Ortizes had full knowledge of Great Southern's subrogation rights and its claim for $4,000.00 of the amount recovered from the defendants. There is no indication of any retreat from this position, and logic dictates that Great Southern surrendered whatever independent rights of recovery it may have had against the defendants[3] in the apparent belief that it would be reimbursed from the settlement fund. The Ortizs' argument would require the court to arbitrarily designate the entire $10,000.00 as recovery for an uninsured loss when the parties did not do so in the settlement agreement. Mr. and Mrs. Ortiz were seeking "at least" $4,000.00 as compensation for damage to their realty

at the time of settlement, and they recovered in excess of that amount. We also note that the settlement agreement they signed reiterates a maximum claim of $4,000.00 damage to the realty. We hold, therefore, that under the facts of this case the insurer is entitled to reimbursement out of the settlement fund in an amount equal to its payment to the insured.

Mr. and Mrs. Ortiz rely on *Propeck v. Farmers Mutual Insurance Association of Grayson County,* 65 S.W.2d 390 (Tex.Civ. App.—Dallas 1933, no writ); *Camden Fire Ins. Ass'n v. Missouri, K. & T. Ry. Co. of Texas,* 175 S.W. 816 (Tex.Civ.App.—Dallas 1915, no writ); and *State Farm Mutual Automobile Co. v. Elkins,* 451 S.W.2d 528 (Tex.Civ.App.—Tyler 1970, no writ) to support their contentions. These cases, however, do not address the issue before this court. In *Propeck* and *Camden,* the damage incurred was solely to insured property, and these cases enunciate the well-settled rule that the insurer is entitled to subrogation and reimbursement only to the extent that the amount received by the insured from his insurer and the tortfeasor exceeds the damages to the insured property. The arguments advanced by Mr. and Mrs. Ortiz would require this court to unduly expand this rule so that an insurer would be entitled to reimbursement only to the extent that the amount recovered by the insured from his insurer and the tortfeasor exceeds the damages to both insured and uninsured property. This we decline to do.

*State Farm Mutual Automobile Co. v. Elkins, supra,* although involving both insured and uninsured losses, is in accord with and lends support to the result we reach in this case. In State Farm, the insurer had reimbursed its insured in the sum of $1,509.67 for damage to his auto. The insured then recovered judgment for personal injuries and $2,700.00 for damage to his auto from the tortfeasor. In the trial of the subrogation issue, there was uncontra-

---

2. There is summary judgment evidence that the Ortizes suffered total damages to both insured and uninsured property in excess of $14,000.00.

3. *See Tyrrell Rice M. Co. v. McFaddin-Wiess-Kyle Land Co.,* 32 S.W.2d 393, 395 (Tex.Civ. App.—Beaumont 1930, no writ).

dicted evidence that after the $1,509.67 paid by State Farm had been expended, an additional $1,400.00 was needed to repair the car. State Farm was allowed to recover the entire $1,509.67 it had paid, even though $2,909.67 the $1,509.67 paid plus the additional $1,400.00) was needed to repair the car. Thus, in this case, the insurer was fully reimbursed even though the damages to the insured property were greater than the amount recovered from the tortfeasor, and after State Farm's reimbursement, $209.67 greater than the total amount of his recovery from his insurer and the tortfeasor. We do not go that far in our decision in this case, but we are satisfied that Great Southern is entitled to complete reimbursement under our facts for the reasons stated above. Our holding dictates that the Ortizs' point of error which states that Great Southern is not entitled to subrogation in any amount as to the $10,000.00 is overruled.

■ Our disposition of the second question renders the Ortizs' point of error concerning a material disputed fact question as to the amount of their damages moot. Irrespective of the total amount of damages suffered, it is undisputed that they received money in excess of the amount sought for damage to the insured realty at the time of settlement. It is that amount which is the pivotal figure. The Ortizes amended their pleadings after settlement to allege a higher damage figure for the realty, but pleadings do not raise a fact question. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971). Additionally, the amended figure is still less than the amount recovered.

■ There is also some deposition testimony by Mr. Ortiz that there was unrepaired damage to the realty, but there is no evidence of the amount of that additional damage. Moreover, it is undisputed that Mr. and Mrs. Ortiz have made no further claims under their policy, even though the policy limits have not been fully expended. Thus, the evidence does not raise a material fact question.

Accordingly, the judgment of the trial court is affirmed.