PCA v. Trujillo 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00038-CV







PCA Health Plans of Texas, Inc., Appellant



v.



Jessie J. Trujillo, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY 


NO. 217,397, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING








 Appellant PCA Health Plans of Texas, Inc. ("PCA") appeals from a declaratory
judgment construing its subrogation right of recovery under its health insurance policy with
appellee Jessie J. Trujillo. The question presented is whether the policy permits the insurer's
subrogation interest to be reduced by its proportionate share of the insured's costs of recovering
damages from the third party. The trial court determined that it did. We will affirm the trial
court's judgment.



BACKGROUND 


 A drunk driver struck Trujillo's car from the rear. Trujillo suffered injuries
requiring medical treatment costing $270.00. PCA, Trujillo's health insurance company, paid
Trujillo's medical bills. Trujillo's attorney, Judy Kostura, subsequently began negotiating
Trujillo's damage claims with the driver. She notified PCA that she had been retained for this
purpose and that Trujillo would remit PCA's subrogation interest out of any proceeds recovered
"less a pro-rata reduction considering the attorney fee paid by [Trujillo]." Trujillo settled his third
party claim with the driver and paid his attorney one-third of the settlement amount as her fee.

 Kostura tendered to PCA a check from the driver in the amount of $270 made
payable to both Trujillo and PCA. By letter, Kostura requested that PCA endorse the draft and
return it to her so she could deposit the check to her trust account and then send PCA a check
from that account in the amount of $180, being two-thirds of PCA's $270 subrogation interest. 
In this manner, PCA would bear a pro-rata share of the attorney's fees Trujillo incurred in
recovering from the third party. PCA did not return the draft to Kostura.

 Trujillo filed a petition for declaratory judgment seeking construction of the
subrogation rights afforded under his health insurance contract with PCA. He asked the court to
construe the insurance contract in accordance with Texas caselaw providing that an insurer that
does not aid in the collection of damages from a third party must pay its share of the attorney's
fees and costs incurred by its insured in collecting the insurer's subrogation interest. See Ortiz
v. Great S. Fire & Casualty Ins. Co., 597 S.W.2d 342, 344 (Tex. 1980). He sought a ruling that
under the contract the insurer's subrogation interest could be reduced by its proportionate share
of the insured's collection costs when the insured alone pursues recovery from the third-party
tortfeasor. The trial court declared that PCA must bear its pro-rata share of the cost, including
attorney's fees, incurred by Trujillo in recovering from the drunk driver. The judgment reduced
PCA's subrogation interest from $270 to $167.01, with the balance to Trujillo. Thus, the parties'
disagreement involves a dispute over $102.99. PCA appeals. 


DISCUSSION


 We note first that our consideration of this appeal is rendered more difficult due
to PCA's failure to make specific references to the record in its brief, its incorrect representations
as to the state of the record, and its assertions of facts not in the record. Nevertheless, we will
attempt to consider the merits of PCA's complaints.

 The record does not contain findings of fact or conclusions of law. PCA's ninth
point of error complains of this failure, claiming PCA made a timely request. We overrule the
point of error, however, because the record does not reveal that PCA made a timely request. See
Tex. R. Civ. P. 296. In the absence of findings of fact and conclusions of law, we assume all
facts in favor of the judgment and must affirm on any legal theory the evidence supports. Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987); Lassiter v. Bliss, 559 S.W.2d
353, 358 (Tex. 1977).

 PCA's other eight points of error all complain that, for various reasons, the trial
court erred in ruling that Trujillo was entitled to a pro-rata reduction of PCA's subrogation
interest and in not awarding PCA its full subrogation interest. PCA primarily contends that its
health insurance contract is clear and unambiguous, providing for its full subrogation recovery
out of the amount Trujillo recovered from the driver without bearing any cost for the fees and
costs Trujillo incurred for collection.

 The contract provision at issue reads:



J. Subrogation/Injuries Caused by Third Parties. Subrogation seeks to shift the
expense for injuries suffered by Members to those responsible for causing
them. In return for [PCA] providing benefits under this Contract, each
Member agrees to assign to [PCA] the right of recovery against any third
party to the extent of benefits received from or through [PCA] plus costs of
suit and attorney's fees. . . . [T]he member agrees to:


 1. Execute a formal written Injury report and assignments to [PCA] of right
to recover the reasonable value as determined by [PCA] of any benefits
provided directly by [PCA] under this Contract, together with costs of
suit and attorneys' fees. 


 2. Reimburse [PCA] for the reasonable value of any benefits and services
provided by [PCA] and in an amount equal to the charges therefore
together with the costs of suit and attorneys' fees . . . immediately upon
receipt of any monies paid by or on behalf of a third party in settlement
of any claim against such third party. . . . The Member hereby grants
and assigns to [PCA] a lien on any recovery from such third party
whether by judgment, settlement, compromise, or reimbursement.


 3. . . . [P]rovide such reasonable help (including authorizing bringing suit
against such third party in Member's name and making court
appearances) as may be necessary to enable [PCA] to recover the
reasonable value of benefits and services provided by [PCA], together
with costs of suit and attorneys' fees.


PCA argues that the contract clause clearly and unambiguously permits it full reimbursement of
all benefits and services it provided Trujillo, as well as the reasonable attorney's fees and costs
incurred in recovering the amount of such benefits and services from third parties. Trujillo
argues, however, that the contract's subrogation clause only addresses circumstances in which
PCA, not the policy holder, pursues recovery from the third party. 

 Each subpart of the contract clause deals with PCA's subrogation right to recover
from a responsible third party the value of the benefits it provides the insured, plus attorney's fees
and costs of recovery. The insured agrees to assign PCA the right to recover the benefits it pays;
to reimburse PCA for the value of those benefits, plus PCA's costs of suit and attorney's fees,
upon receiving damage compensation recovery from a third party; and to cooperate with and assist
PCA in legally pursuing its right of recovery against a third party. The contract does not
expressly address the insured's independent pursuit of recovery from the third-party tortfeasor. 
The contract is silent as to the distribution of the subrogation interest when the insured, rather
than PCA, hires the attorney and advances the funds necessary to obtain the recovery of the
subrogation interest from the third-party tortfeasor. The silence of the contract creates an
ambiguity when the contract is applied to the facts of the instant case; the contract falls squarely
within the realm of the Uniform Declaratory Judgments Act, the purpose of which is "to afford
relief from uncertainty and insecurity with respect to rights, status, and other legal relations." 
Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (West 1986); Republic Ins. Co. v. Davis, 856
S.W.2d 158, 164 (Tex. 1993) (stating purpose of declaratory judgment act is to declare existing
rights, status, and other legal relations). Although the contract may be silent, the law is clear. 
 

 PCA argues that in construing the agreement, the parties' rights are governed by
the express terms of their insurance contract, and, therefore, principles of equitable subrogation
have no bearing. Texas courts have given more substance to the distinction between legal
subrogation, governed by equity, and conventional subrogation, governed by contractual
agreement, than most states. Lexington Ins. Co. v. Gray, 775 S.W.2d 679, 683 (Tex. App.
--Austin 1989), overruled on other grounds sub nom., Amberboy v. Societe de Banque Privee, 831
S.W.2d 793 (Tex. 1992). In Texas, however, the same principles govern both equitable and
contractual subrogation. Oss v. United Servs. Auto. Ass'n, 807 F.2d 457, 460 (5th Cir. 1987). 
We construe subrogation clauses to confirm, but not expand, the equitable subrogation rights of
insurers. Id. The subrogation clause is subordinate to the basic insurance promise. Id. The
insurer is not entitled to reimbursement for the benefits it has paid until the insured's
compensation from the insurer and the third party make the insured's loss whole. Ortiz, 597
S.W.2d at 343. The insurer may recover only from excess funds but cannot recover until the
insured has been fully compensated for any loss, including costs and expenses of collection. Id. 
When the insurer does not assist in collecting damages from the third party, it must compensate
the insured for its share of the expenses of collection, including attorney's fees. Id. at 344.

 We recently considered a similar dispute in the case of Esparza v. Scott & White
Health Plan, No. 03-94-00730-CV (Tex. App.--Austin July 12, 1995, no writ h.). Scott & White
contended that the subrogation clause in its contract with the Esparzas expressly entitled it to full
indemnification out of the settlement money the Esparzas recovered from the third-party
tortfeasor. Id., slip op. at 5. We rejected that argument and held that even though conventional
subrogation was governed by the terms of the contract as far as the insurer's right to recover, the
trial court could still apply equitable principles in determining how much recovery the insurer
could receive, and when. Id. at 5-6. Despite the contract term purporting to allow the insurer
full recovery from the third-party proceeds, we recognized that because the principal purpose of
the insurance contract is to protect the insured from risk, any loss must be borne by the insurer. 
Id. We affirmed that the law of Texas requires an insurer that does not aid in the collection of
damages from a third party to pay its share of the attorney's fees and costs incurred by its insured. 
Id. at 9; see Ortiz, 597 S.W.2d at 344.

 We hold that the trial court could construe the parties' contract to require PCA to
pay its proportionate share of Trujillo's costs of recovering its subrogation interest, and that the
evidence in the record supports the trial court's judgment. PCA was awarded its full subrogation
interest, less the cost of recoupment. After considering all of PCA's points of error, we find them
without merit and overrule them. The trial court's judgment is affirmed. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: August 16, 1995

Do Not Publish