**TV–3, INC., Plaintiff,**

v.

**ROYAL INSURANCE COMPANY OF AMERICA, Globe Indemnity Company, LDL Communications, Inc. a/k/a Leblanc Broadcast, Inc. and Leblanc & Royle Telcom, Inc. a/k/a Leblanc Limited, Defendants.**

**No. Civ.A.3:98CV703BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 28, 2000.

Lawrence E. Allison, Jr., Brunini, Grantham, Grower & Hewes, Jackson, MS, Sally C. Helppie, Tammy S. Wood, Bruce W. Akerly, Teresa Ruiz Schober, Bell, Nunnally & Martin, PLLC, Dallas, TX, for TV–3, Inc., plaintiff.

James R. Moore, Jr., W. Shan Thompson, Copeland, Cook, Taylor & Bush, Ridgeland, MS, George L. Lankford, Dallas, TX, for Royal Insurance Company of America, Globe Indemnity Company, Royal & Sunalliance USA, defendants.

David W. Clark, Lake Tindall, LLP, Jackson, MS, Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, Vincent F. O'Flaherty, Niewald, Waldeck & Brown, Kansas City, MO, for LDL Communications, Inc., aka LeBlanc Broadcast, Inc., defendant.

Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, Vincent F. O'Flaherty, Niewald, Waldeck & Brown, Kansas City, MO, for LeBlanc & Royle Telcom, Inc., aka LeBlanc Limited, defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendants LDL Communications, Inc. a/k/a Leblanc Broadcast, Inc. ("LDL") and Leblanc & Royle Telcom, Inc. a/k/a Leblanc Limited ("Leblanc") for Summary Judgment on the cross-claim of Defendants Royal Insurance Company of America ("Royal") and Globe Indemnity Company ("Globe").[1]  After considering

---

1. Although LDL and Leblanc included them   as parties against whom they seek summary

the motion, the response of Royal and Globe, and all supporting and opposing material, the Court finds that the motion is not well taken and should be denied.

## I. Background

This case arises out of the October 23, 1997, collapse of the broadcast tower belonging to Plaintiff. At the time of the tower collapse, Plaintiff had in effect a property insurance policy through Globe.[2] Prior to the collapse, the insurance policy was due for renewal. Globe informed Plaintiff that a structural analysis needed to be performed on the tower and that the policy would not be renewed unless the analysis was performed and any necessary repairs were made.

After the structural analysis had been performed, Plaintiff hired LDL to perform the needed repairs. LDL hired Leblanc to provide the labor and materials for the repairs. A few days after construction began, the tower collapsed, killing three workers, causing substantial property damage, both to the tower and to other property, and interrupting the broadcast signal of Plaintiff.

Plaintiff filed a claim under its insurance policy for (1) loss of business due to the interruption of the broadcast signal, (2) property damage to the tower and (3) property damage other than to the tower. Globe paid Plaintiff an amount in excess of $5,000,000.00 to cover the business loss and the property damage other than to the tower. However, Globe denied the claim for property damage to the tower, asserting a policy provision that excluded from coverage any damage to the tower caused by anything other than routine maintenance.

Plaintiff sued Globe in the United States District Court for the Eastern District of Texas for bad faith denial of insurance benefits. The Texas court transferred the case to this Court. After the case was transferred, Plaintiff amended the complaint to allege various causes of action against LDL and Leblanc for their part in causing the damages incurred by Plaintiff. Globe then filed a cross-claim for subrogation. LDL and Leblanc have moved for summary judgment on the cross-claim asserting that Globe waived its subrogation rights by denying coverage under the policy.

## II. The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of

---

judgment, Defendants Royal & Sun Alliance Group PLC, and Royal & Sun Alliance USA, Inc. are no longer parties to this lawsuit.

**2.** There is a dispute as to whether Globe or Royal, or both, insured Plaintiff at the time of the tower collapse. However, as this issue has no bearing on the present motion, and

since Globe and Royal joined in the cross-claim against LDL and Leblanc, Globe and Royal have filed a joint response to the motion for summary judgment. For the sake of brevity, the Court shall refer to Globe and Royal collectively as Globe.

the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962). However, "summary judgment should be granted ... when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir.1994).

### III. Discussion

The Mississippi Supreme Court has stated that the "equitable doctrine of subrogation applies whenever any person, other than a mere volunteer, pays a debt or demand which in equity and good conscience should have been paid by another, or where one finds it necessary for his own protection to pay the debt for which another is liable." *First Nat'l Bank of Jackson v. Huff*, 441 So.2d 1317, 1319 (Miss.1983). In addition to the common law right to subrogation, Globe reserved a contractual right to subrogation in its policy with Plaintiff. The "Commercial Property Conditions" portion of the policy contains a provision titled "Transfer of Rights of Recovery Against Others to Us," which states that if Globe pays any claim to an insured under the policy, and that insured has "rights to recover damages from another, those rights are transferred to" Globe. The provision goes on to state that the insured "must do everything necessary to secure our rights and must do nothing after loss to impair them."

LDL and Leblanc have moved for summary judgment on the cross-claim of Globe for subrogation contending that, by denying the claim of Plaintiff for property damage benefits under the insurance policy, Globe waived any rights to subrogation that it would otherwise have been entitled to. LDL and Leblanc cite the following cases in support of their contention: *Simmons v. South Carolina Farm Bureau Mut. Ins. Co.*, 301 S.C. 267, 391 S.E.2d 560 (1990); *Prudential Lines, Inc. v. Firemen's Ins. Co. of Newark, N.J.*, 91 A.D.2d 1, 457 N.Y.S.2d 272 (N.Y.App.Div.1982); *Roberts v. Fireman's Ins. Co. of Newark, N.J.*, 376 Pa. 99, 101 A.2d 747 (1954); *Powers v. Calvert Fire Ins. Co.*, 216 S.C. 309, 57 S.E.2d 638 (1950). Each of these cases have the same basic factual scenario. In each case, an insured suffered a loss. The insurer denied the insured's claim, or otherwise failed to pay the claim. The insured was, therefore, compelled to sue the third-party tortfeasor in an attempt to recover his loss. In each case, the insured settled with the tortfeasor for an amount less than his loss. Thereafter, in each case, the insured sued his insurer in an attempt to recover the difference between the settlement and the amount of his loss. In each case, the insurer asserted, as a defense to coverage under the policy, that the insured had voided the policy by settling with the tortfeasor without the insurer's consent. In each case, the insurance policy contained language similar to that contained in the policy of Plaintiff with

Globe, which stated that the insured had a duty at all times to protect the insurer's subrogation rights, including a duty not to settle with the tortfeasor without consent. In each of the above-cited cases, the Court held that the insurer had waived its right to subrogation by failing to pay the insured's claim.

There are significant factual differences between the cases cited by LDL and Leblanc and the case *sub justice*. First, this Court is not faced with a situation where the insurer simply sat on its hands and forced the insured to seek recovery for its loss elsewhere. Although Globe did deny the claim of Plaintiff for property damage to the broadcast tower, Globe paid Plaintiff over $5,000,000.00 for loss of business and property damage other than to the tower. Even more significant is the fact that there has been no settlement between Plaintiff and the alleged tortfeasors, LDL and Leblanc. What the Court is faced with here is a case in which the insurer has asserted its subrogation rights against the alleged tortfeasors in order to preserve them in case it is eventually held liable to Plaintiff for the property damage claim under the policy. Subrogation rights will not actually arise until such time as Globe may be required to pay the property damage claim because coverage is found to exist under the policy.[3] The coverage issue is one which LDL and Leblanc concede is still in dispute.

LDL and Leblanc urge this Court to adopt a rule, based on the cases cited above, which would create an absolute waiver of subrogation rights any time an insurer denies coverage to its insured, regardless of the reasoning for the denial

and regardless of subsequent events. The Court declines to do so for two reasons. First, the Court notes that, in a case factually similar to those cited by LDL and Leblanc in support of their position, the Mississippi Supreme Court addressed this question of whether an insurer waives its subrogation rights by denying its insured's claim, but declined to establish a rule of absolute waiver. In *Murriel v. Alfa Ins. Co.*, 697 So.2d 370 (Miss.1997), an uninsured motorist insurer sought a declaratory judgment that its insured voided the subject policy by settling with the third-party tortfeasor without the consent of the insurer, thereby destroying the insurer's subrogation rights. *Id.* at 370–71. The insurer argued, and the lower court held, that the insurance policy was voided by the settlement without consent, despite the fact that the insurer failed to respond to a request for such consent. *Id.* The Mississippi Supreme Court, while noting that consent provisions are legal, held that "an insurer may waive any right to *invoke the consent defense* when the insurer does not respond within a reasonable time to an insured's request for consent." *Id.* at 372 (emphasis added).

This language is significant because the Mississippi Supreme Court stopped short of saying that an insurer waives any and all rights to subrogation any time it denies an insured claim. The court held that the insurer had waived only its consent defense to an action by its insured, and nothing more. The holding was based on the equities of the situation. In fact, the Mississippi Supreme Court has stated that "determination of whether subrogation is

3. *See Oss v. United Serv. Auto. Assoc.*, 807 F.2d 457 (5th Cir.1987) in which the United States Court of Appeals for the Fifth Circuit, applying Texas law, recognized that, in general:

[t]he right of subrogation is ordinarily exercised in one of two ways. If the insurer pays benefits that partially compensate the insured and the tortfeasor subsequently pays the insured an amount that makes the total received by the insured greater than

the actual loss, the insurer may recover the benefits paid by claiming the surplus amount. In this way, subrogation prevents a double recovery—unjust enrichment—by the insured. Alternatively, after an insurer has fully compensated the insured, it may sue the tortfeasor directly to recover its outlay.

*Id.* at 458–59 (footnote omitted). It is essentially the latter situation that the case *sub justice* presents.

applicable is a factual determination of each particular case with consideration of fairness and justice as its guiding principles." *Huff* 441 So.2d at 1319. Therefore, a holding by this Court that Globe absolutely waived all of its rights to subrogation when it denied the property damage claim of Plaintiff would be inconsistent with the rulings of the Mississippi Supreme Court.

The second reason that this Court declines to adopt a rule of absolute waiver is public policy. Such a rule would force insurance companies to pay any and all claims by its insureds, regardless of the arguable merit of the claim, for fear that they would lose their subrogation rights. This would certainly result in increased premiums for all insureds. Of course, the counter-concern is that by not adopting an absolute waiver rule the Court is opening the door for insurance companies to deny all claims and force their insureds to spend their own time and money in efforts to recover from third parties. However, insurers are still susceptible to bad faith claims for denying claims without arguable reasons. The prospect of punitive damages for such denials protects the interests of the insureds.

Finally, LDL and Leblanc also contend that Globe waived its subrogation rights by wrongfully denying the claim of Plaintiff. In *Huff*, the Mississippi Supreme Court stated that subrogation is not available to one required to pay the debt of another when such requirement is occasioned by the payor's "own wrongful conduct." *Huff*, 441 So.2d at 1319. LDL and Leblanc contend that if Globe is held liable under the policy for the property damage claim of Plaintiff, it will be because of the alleged breach of the insurance policy, which constitutes wrongful conduct. LDL and Leblanc miss the mark with this argument. Globe does not seek any recovery from LDL and Leblanc for, or any offset of its liability for, punitive damages, which may arise from the bad faith claim against Globe. Such punitive damages are the only damages for which Globe is potentially liable *because of* its wrongful conduct. Any liability Globe is found to have as to the property damage claim necessarily will arise from the insurance contract. In other words, if Globe is required to pay Plaintiff for any of the property damage to the broadcast tower, it will be because of insurance policy coverage, not because of any wrongful conduct on the part of Globe.

**IV. Conclusion**

For all the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants LDL Communications, Inc. a/k/a Leblanc Broadcast, Inc. and Leblanc & Royle Telcom, Inc. a/k/a Leblanc Limited for Summary Judgment is hereby denied.