Nancy Marian ELLIS, Individually and as next friend of Marion Sue Ellis, Jarrod Lee Ellis, Ina May Ellis and Henry Hobart Ellis, Minors and Transport Indemnity Company (Intervenor)

v.

KENWORTH MOTOR TRUCK COMPANY, Paccar, Inc., Beall Equipment Corporation of Colorado, Temptee-Beall, Inc., and Temptee Industries, Inc.

v.

TIONA-BETTS, INC.

Civ. A. No. CA-3-76-1191-G.

United States District Court,
N. D. Texas,
Dallas Division.

March 9, 1979.

Foster Reese, III, Offices of Windle Turley, Dallas, Tex., for plaintiff.

H. C. McCracken, McCracken, Shields & Taylor, Carrollton, Tex., for intervenor Transport Indemnity Co.

J. Carlisle DeHay, Jr., Dallas, Tex., for Temptee-Beall & Temptee Industries, Inc.

W. Richard Davis, Dallas, Tex., for Paccar & Kenworth Motor Truck Co.

Robert G. Vial, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, Tex., for Beall Equipment.

R. B. Cousins, Thompson, Coe, Cousins & Irons, Dallas, Tex., for third party Tiona-Betts, Inc.

## ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

### I.

This wrongful death action was, except for the issue discussed here, terminated by a settlement approved by this court on October 2, 1978. Of the $140,000 total settlement, $16,740 was apportioned to the intervenor Transport Indemnity Company, the deceased's workers compensation carrier. This $16,740 represents the amount paid by the intervenor in the form of worker's compensation benefits, and was awarded pursuant to Transport's subrogation lien created

by Tex.Civ.Stat.Ann. art. 8307 § 6a (Vernon Supp.1979). Of this sum, $5,580, or one-third, was awarded to the plaintiff's attorney. The only question that remains is whether Transport is entitled to all of the $11,160 that remains.

The plaintiff's argument is that Transport's subrogation lien should extend only to that portion of the $11,160 that represents recovery for loss of support, because the worker's compensation benefits paid by Transport from which the lien arises were in compensation only for loss of earning capacity.

The plaintiff's argument is constructed largely around an analysis of the equitable nature of the doctrine of subrogation. The premise of the argument is that subrogation is an equitable doctrine whose purpose is to prevent fraud, injustice, or unjust enrichment. Thus, the plaintiffs argue, it should only be applied where the person asking for subrogation has a greater equity than the person who opposes the subrogation and where its application would not be contrary to public policy. Plaintiff further argues that to permit subrogation here to extend to the entire $11,160 would be inequitable, because Transport would in effect be subrogated to the plaintiff's right of recovery for loss of care, counsel, services, and advice and for pain and suffering, even though the compensation paid to the plaintiffs by Transport did not compensate such losses.

Transport's response, essentially, is that Texas courts have always permitted subrogation of an insurance carrier to the full amount of benefits paid by it, provided the recovery was greater than the lien for medical and indemnity, and have not limited a carrier's subrogation right to the amount recovered for loss of support. Transport also urges this court to abstain from deciding this question of state law.

■ Before reaching an analysis of the issue presented, three points must be made. To begin with, it is important to note that, while this court may certainly consider the equitable arguments made by the plaintiff, it is not this court's task to adopt what it considers to be an equitable resolution of the problem. Rather, this court must attempt to predict how the courts of Texas would resolve the question. Second, this is apparently a case of first impression. Neither party has cited, and the court has not found, a reported Texas decision in which the precise argument made here by the plaintiff has been faced. This only increases the difficulty of attempting to predict how a Texas court would respond to the plaintiff's argument. Finally, this is not a proper case for abstention. While it is true, as the intervenor points out, that the Fifth Circuit has in the past indicated that abstention is appropriate simply where difficult questions of state law are involved, *see United Services Life Ins. Co. v. Delaney,* 328 F.2d 483 (5th Cir. 1964), *cert. denied,* 377 U.S. 935, 84 S.Ct. 1335, 12 L.Ed.2d 298, the courts in this circuit frequently decide such questions. *See, e. g., Stephens v. State Farm Mutual Auto Ins. Co.,* 508 F.2d 1363 (5th Cir. 1975); *Braniff Int'l Inc. v. Florida Public Service Comm'n,* 576 F.2d 1100 (5th Cir. 1978) (federal question case); *Sayers v. Forsyth Building Corp.,* 417 F.2d 65 (5th Cir. 1969). *See also Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Indeed, the diversity jurisdiction could hardly function otherwise.

## II.

■ The plaintiffs are correct in their assertion that subrogation is, in general, an equitable doctrine. *Means v. United Fidelity Life Ins. Co.,* 550 S.W.2d 302 (Tex.Civ. App.—El Paso 1977, writ ref'd n. r. e.). And it is at least plausible that a Texas court, *if confronted with a purely equitable claim for subrogation in a case such as this,* would limit the subrogee's recovery to that portion of the recovery from the third party that reflected loss of earnings. But here subrogation is not an equitable doctrine to be applied by a court in its discretion; rather, it is a statutory requirement under Tex. Civ.Stat. art. 8307 § 6a (Vernon Supp.1979). Thus the question here is more accurately characterized as one of statutory construc-

tion than one of equity. *See Finch v. Texas Employers' Insurance Assoc.,* 535 S.W.2d 201 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.).

The statute provides that:

If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation the net amount recovered by such beneficiary from the third party shall be applied to reimburse the association for past benefits and medical expenses paid, and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the act.

The statute provides that the carrier is subrogated to the net *amount* recovered. It does not extend the lien only to the amount recovered as compensation for loss of support.

In that regard, Transport correctly points out that the Texas courts have consistently read the statute as granting a subrogation lien to the full extent of sums already paid by the carrier, provided the recovery by the plaintiff exceeded that amount. *See, e. g., Home Indemnity Co. v. Thompson,* 407 S.W.2d 530 (Tex.Civ.App.—Texarkana 1966, no writ); *Capital Aggregates, Inc. v. Great American Title Ins. Co.,* 408 S.W.2d 922 (Tex.1966); *Watson v. Glen Falls Ins. Co.,* 505 S.W.2d 793 (Tex.1974); *Granite State Ins. Co. v. Firebaugh,* 558 S.W.2d 550 (Tex. Civ.App.—Eastland 1977, writ ref'd n. r. e.). In the *Capitol Aggregates* case, the Supreme Court of Texas held that the worker's compensation carrier, which had paid $12,146.65 to the injured employee, was entitled not only to the full $6,547.25 awarded by the jury in a third party action, but also to the $3,500 settlement entered into between the employee and the third party covering potential excess liability. Thus in cases similar to this one, Texas courts have extended the carrier's statutory subrogation lien to the full amount of sums paid by the carrier, and have held that all recovery in excess of that amount is an advance against future payments by the carrier. While, as noted above, the argument made by plaintiffs here has apparently not been raised in a Texas court, the consistent interpretation of the statute by the Texas courts indicates that the carrier's lien extends to the entire recovery by the plaintiff and not only to that portion that represents compensation for loss of support. Simply as a matter of statutory construction, then, it is likely that a Texas court would reject the plaintiffs' argument.

Moreover, even if a Texas court were to approach the question as one involving primarily equitable considerations, it is by no means clear that plaintiffs' argument would prevail. Plaintiffs would balance the equities in their own favor, arguing that "it cannot be said that the right of the workers compensation carrier to be completely reimbursed for the benefits it paid is greater than the right of the beneficiaries to be completely compensated for the loss of their husband and father." The flaw in the argument is that the subrogation lien of section 6a does *not* effectively reduce the total recovery by a plaintiff in a third party action.

Let us assume, for instance, that a person who has received $15,000 in worker's compensation benefits recovers $50,000 in a third-party action, of which only $30,000 is for loss of support. To be sure, the insurance carrier is entitled immediately to $15,000 of the $50,000 judgment. But the plaintiff is still left with $35,000 from its third-party action, plus the $15,000 already paid it by the carrier. Thus the total award in the third-party action is not *effectively* reduced. And that sum includes, at least in theory, recovery for pain and suffering, and loss of advice.

Furthermore, to limit the carrier's subrogation lien in the manner urged by the plaintiffs would be to subject carriers to potential inequity, and might result in unjust enrichment to a plaintiff. Again, an example illustrates the problem. Suppose a plaintiff who had already been paid $10,000 in worker's compensation benefits received $18,000 in a third-party action, but that this $18,000 recovery was divided by the judge

**444**

or jury equally between loss of earnings, pain and suffering, and loss of counsel—that is, $6,000 for each. Under plaintiffs' view, the carrier who had paid out $10,000 in benefits would receive only $6,000—before attorneys' fees—by way of subrogation. Yet the plaintiffs' effective total recovery would be $22,000, which is more than the judge or jury in the third party action determined he or she was entitled to as compensation for all types of losses.

The point is that even if the equitable argument were reached by a Texas court, it is not at all clear that the argument made by plaintiffs here would prevail. That question need not be resolved, however, as the proper analysis here is one of statutory construction. Under that analysis, the plaintiffs' argument is not supported by Texas law.

It is therefore ORDERED that the intervenor, Transport Indemnity Company, is entitled to the full amount of $11,160 by virtue of its subrogation lien.