**TEXAS ASSOCIATION OF SCHOOL BOARDS, INC., Appellant,**

v.

**Garry WARD, et ux, Appellees.**

**No. 10–99–065–CV.**

Court of Appeals of Texas, Waco.

April 26, 2000.

**258**

Kristi L. Holt, Law Office of Tony Korioth, P.C., Austin, for appellant.

James A. Showers and Andrew W. Lucas, Martin, Showers, Smith & McDonald, L.L.P., Hillsboro, for appellee.

Before DAVIS, Chief Justice, VANCE and GRAY, Justices.

**OPINION**

VANCE, Justice.

Texas Association of School Boards, Inc. (TASB) is a nonprofit entity formed for the purpose of allowing independent school districts in Texas to self-insure their employee health care benefits as authorized by Chapter 172 of the Local Government Code. Section 172.015 of the Local Government Code provides that entities like TASB "shall be subrogated to the employees' right of recovery for personal injuries caused by the tortious conduct of a third party." TASB claims that its subrogation right under this statute is unqualified and the court should have orderd a recipient of employee benefits to reimburse it out of payments made to him by third parties. We conclude that the court correctly con-

sidered the equities between the parties when it declined to require reimbursement. Thus, we will affirm its judgment.

TASB paid $23,225.82 in medical expenses Garry Ward (Ward) incurred as a result of a car wreck. Ward collected a total of $175,000 in settlement from the parties liable for the event and his own underinsured motorist coverage. TASB demanded that Ward reimburse it out of the settlement monies. Ward refused and filed a declaratory judgment action in the district court seeking to have the court determine if TASB was entitled to repayment. The court found that the $175,000 settlement constituted the total amount of insurance available but was insufficient to fully compensate Ward for all of the damages he sustained as a result of the wreck. The court rendered judgment declaring that TASB was not entitled to recover any money from Ward.

TASB's appeal does not challenge the factual finding that Ward was not made whole by the settlement. Instead, TASB points out that the statute creating its subrogation interest states that it "*shall* be subrogated" and argues it is absolutely entitled to recover the sums it paid on Ward's behalf from the monies he has been paid on his claims of tortious conduct by a third party. *See* TEX.LOC. GOV'T CODE ANN. § 172.015 (Vernon 1999) (emphasis added). We disagree.

Subrogation is the right of one who has paid an obligation which another should have paid to be indemnified by the other. *Employers Cas. Co. v. Dyess*, 957 S.W.2d 884, 886 (Tex.App—Amarillo 1997, pet. denied) (citing BLACK'S LAW DICTIONARY 1427 (6th ed.1990)). There are three sources of subrogation rights recognized in Texas. Equitable, or legal, subrogation arises as a result of the equities between the parties, and is awarded as a matter of equity, not by right. *Fleetwood v. Med Center Bank*, 786 S.W.2d 550, 554 (Tex. App.—Austin 1990, writ denied); *Interfirst Bank Dallas, N.A. v. U.S. Fidelity and*

*Guar. Co.,* 774 S.W.2d 391, 397 (Tex. App.—Dallas 1989, writ denied). Contractual or conventional subrogation arises by virtue of an agreement between the parties and is awarded under that agreement, usually but not always, subject to the dictates of equity. *Fleetwood,* 786 S.W.2d at 554. The third type, statutory subrogation, is a right created by statute and is governed by the terms of the statute under which it is claimed as a matter of statutory construction. *See Johnson v. Second Injury Fund,* 688 S.W.2d 107, 108 (Tex.1985) (involving the worker's compensation subrogation statute); *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 157, 246 S.W.2d 865, 869–70 (1952) (involving the worker's compensation subrogation statute); *Ellis v. Kenworth Motor Truck Co.,* 466 F.Supp. 441, 442–43 (N.D.Tex.1979) (involving the worker's compensation subrogation statute).

■ TASB relies strictly on the subrogation right created by section 172.015 of the Local Government Code. Tex.Loc. Gov't Code Ann. § 172.015. Thus, whether it is entitled to claim a portion of the settlement monies is decided by construing the terms of the statute itself. When a statute is unambiguous, we are to give its provisions their common everyday meaning. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997); *Lanier v. Stem,* 931 S.W.2d 1, 2–3 (Tex.App.—Waco 1996, orig. proceeding). We give words in the statute their plain meaning unless they are given a particular meaning by statutory definition or otherwise. Tex. Gov't Code Ann. § 311.011 (Vernon 1998); *City of Beaumont v. Spivey,* 1 S.W.3d 385, 390 (Tex.App.—Beaumont 1999, pet. denied).

■ Section 172.015 provides, in full:

The payor of employee benefits, whether a political subdivision, group of political subdivisions, pool, or carrier providing reinsurance to one of those entities, shall be subrogated to the employees' right of recovery for personal injuries caused by the tortious conduct of a third party.

Tex.Loc. Gov't Code Ann. § 172.015. This section plainly provides that TASB, as the payor of employee benefits, has the right to assert its claim for reimbursement against the money that Ward received in settlement of his claims for the injuries he sustained.

However, this conclusion does not establish that the court erred in refusing to award TASB any sum of money from Ward's settlement. Discussing the difference between legal and conventional subrogation, the Austin Court of Appeals stated:

The distinction we drew between legal and conventional subrogation in *Lexington [Insurance Co. v. Gray,* 775 S.W.2d 679 (Tex.App.—Austin 1989, writ denied), *disapproved on other grounds, Amberboy v. Societe de Banque Privee,* 831 S.W.2d 793, 797 (Tex.1992) ] simply means that under conventional subrogation no balancing of equities is necessary to determine whether the subrogee has a right to recover at all. While an insurance contract providing expressly for subrogation may remove from the realm of equity the question of *whether* the insurer has a right to subrogation, it cannot answer the question of *when* the insurer is actually entitled to subrogation or *how much* it should receive.... Contracts that give insurers the right to subrogation "confirm, but [do] not expand, the equitable subrogation rights of insurers." *Oss [v. United Servs. Auto. Ass'n,* 807 F.2d 457, 460 (5th Cir.1987) ]. ... To avoid injustice, the equities must still be balanced in deciding what amount, if any, the subrogee is entitled to receive in a given case.

■ *Esparza v. Scott & White Health Plan,* 909 S.W.2d 548, 551–52 (Tex.App.—Austin 1995, writ denied). Similarly, the plain language of section 172.015 removes any question as to whether TASB has the right to subrogation, but it does not answer the question of how much it should receive. Rather, that question must be

answered by an examination of what rights the Legislature created when it established the right to "subrogation" under section 172.015.

We believe that by using the naked word "subrogated" the Legislature did not, and did not intend to, confer any greater right to subrogation than would be found in the exercise of an equitable right to subrogation. When construing a statute we presume that the Legislature acted with knowledge of the common law and decisions by the courts. *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex.1999). In keeping with this principle:

> All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.

*McBride v. Clayton*, 140 Tex. 71, 76–77, 166 S.W.2d 125, 128 (1942); *Texas Dep't of Public Safety v. Barlow*, 992 S.W.2d 732, 736 (Tex.App.—Waco 1999, pet. filed). "[W]e must assume that in the use of the term [subrogated] the Legislature intended it to mean what the courts of this state had theretofore said it meant." *See McBride*, 140 Tex. at 76, 166 S.W.2d at 128. The courts of this state have said that the term "subrogation" means, as a general rule, that the claim for reimbursement is subject to equitable considerations. *See, e.g., Esparza*, 909 S.W.2d at 552; *Fleetwood*, 786 S.W.2d at 554 n. 1 (observing that in a conventional subrogation claim, the express subrogation agreement between the parties may be more accurately labeled an "overriding equity").

Furthermore, the Legislature knows that the mere use of the word "subrogated" is not sufficient to entitle the subrogee to recover from the subrogor without reference to the equities of their situations. In the most litigated of all statutory subrogation rights, that covering the subrogation right of a workers' compensation insurance carrier, the Legislature has provided that "the insurance carrier is subrogated to the rights of the injured employee." Tex.Lab.Code Ann. § 417.001(b) (Vernon Supp.2000). However, the Legislature also provided how the proceeds from a claim against a third party were to be distributed, giving the carrier the right to the first money paid by the liable third party to the extent that the injured employee has collected compensation benefits. *Id.; Haygood*, 151 Tex. at 156, 246 S.W.2d at 869 (construing predecessor statute). Clearly, the Legislature understood that merely providing that the carrier was "subrogated" to the employee's right of recovery would not, standing alone, entitle it to an unqualified right to reimbursement.

Finally, our conclusion is supported by the express purposes of Chapter 172 of the Local Government Code. The Legislature specifically outlined the purpose of the Chapter in section 172.002. Tex.Loc. Gov't Code Ann. § 172.002. Five of the seven stated purposes of the Chapter focus on the benefit to the employees of the political subdivision. *Id.* §§ 172.002(2) (provide health benefits to the political subdivision's employees "at least equal to those commonly provided in private industry"); 172.002(3) ("foster, promote, and encourage employment by and service to political subdivisions as a career profession"); 172.002(4) ("promot[e] and preserv[e] economic security and good health among those employees"); 172.002(5) ("foster and develop high standards of employer-employee relationships"); 172.002(7) ("recognize the long and faithful service and dedication of employees . . . and to encourage them to remain in service . . . until eligible for retirement"). Our primary mission in construing a statute is to

determine the object sought to be attained by the Legislature in enacting that statute. TEX. GOV'T CODE ANN. § 311.023(1); *Barlow*, 992 S.W.2d at 736. We believe the declared purposes of Chapter 172 plainly indicate that the object of the Legislature in enacting it was to benefit the individual employee of the political subdivisions. Finding an absolute right to reimbursement in section 172.015 would be contrary to that legislative purpose.

Because the subrogation right conferred by section 172.015 is to be enforced with reference to equitable principles, the court was required to balance the equities between the parties to determine what amount, if any, TASB was entitled to receive. *Esparza*, 909 S.W.2d at 552. We will not disturb the court's decision unless we are shown that it would be inequitable or unjust to allow the judgment to stand. *Id.*

Under general equitable principles, TASB's right to reimbursement is subject to Ward's right to first be made whole. *Ortiz v. Great Southern Fire & Cas. Ins. Co.*, 597 S.W.2d 342, 343 (Tex. 1980); *Esparza*, 909 S.W.2d at 552. The court found Ward was not made whole by the settlement and TASB has not challenged that finding. Because there is evidence in the record to support the court's finding, it is binding on us. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet h.). Furthermore, the court found that Ward had recovered the maximum amount of insurance available to compensate him for his injuries, a finding which is also unchallenged and supported by the record. Thus, the court acted within its discretion in refusing to require Ward to reimburse TASB from the settlement monies. *Ortiz*, 597 S.W.2d at 343; *Esparza*, 909 S.W.2d at 552, 553.

The court correctly recognized that the subrogation right conferred on TASB by section 172.015 is governed by equitable principles. No abuse of discretion has been shown by the court's balancing of the equities between the parties. We affirm the judgment.