IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00080-CV

 

Fortis Benefits,

                                                                      Appellant

 v.

 

Vanessa Cantu

AND
SUNDANCE RESOURCES, INC.

                                                                      Appellees

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. 249-87-98

 



MEMORANDUM  Opinion



 








            On April 12, 1998, Vanessa Cantu, then a minor, was severely injured and rendered a paraplegic in a
motor vehicle accident.  Suit was filed against, among others, the vehicle’s
manufacturer (Ford Motor Company), the vehicle’s driver (Michael Patman), and
Patman’s employer (Sundance Resources, Inc.).  Vanessa sought to recover, among
other damages, actual damages for past and future medical expenses.  In March
2000, Fortis Benefits, which provided health insurance benefits to Vanessa
through a health insurance policy issued to her father, intervened to recover
through subrogation or reimbursement the benefits that it had paid for
Vanessa’s health care as a result of the accident.  After numerous delays
(during which Vanessa reached majority), the case was set for trial for July 21, 2003.

          At final pretrial on July 15, 2003, Fortis agreed on the record with all other parties that Fortis would be
excused from attending the pretrial and trial until the post-verdict phase and
that Fortis would look only to the plaintiff to resolve its subrogation or
reimbursement claim.  Before trial began, Vanessa settled her claims with the
defendants for $1,445,000 and agreed with Sundance that she would be wholly
responsible for Fortis’s intervention claims and would secure a dismissal with
prejudice of Fortis’s subrogation claim against Sundance.  Fortis was not
involved in the settlement.

     After
being unable to reach an agreement with Fortis, Vanessa filed a motion for
summary judgment, asserting that, because she had not been “made whole” in the
settlement, Fortis was not entitled to recover anything on its subrogation or
reimbursement claim, which at that time totaled $247,534.14.  Vanessa’s summary
judgment evidence included her attorney’s affidavit stating that her past
medical expenses totaled at least $378,500 and attaching several “life care
plans” that estimated Vanessa’s future medical expenses to be in the range of
$1,700,000 to $5,000,000.  In response, Fortis did not object to the evidence
on past medical expenses or the life care plans or file its own evidence
relating to the amount of Vanessa’s past or future medical expenses.  The trial
court thus had before it evidence that Vanessa’s past and future medical care
alone exceeded $2,000,000, which Vanessa argued conclusively established that
the $1,445,000 settlement and the benefits paid by Fortis had not made her
whole.

          After a hearing, the trial
court granted Vanessa’s summary judgment motion but granted more relief than
was requested by ordering that Fortis “take nothing in its intervention in this
lawsuit.”  Sundance then filed an amended motion for judgment, arguing that any
claim by Fortis against Sundance is additionally barred by the pretrial
agreement that Fortis would look only to Vanessa to satisfy its subrogation
claims against the defendants.  The trial court granted Sundance’s amended
motion for judgment.  This appeal followed.  We will affirm.

          In its first issue, Fortis
complains that the “made whole” doctrine does not apply to its contractual right
of reimbursement from Vanessa.  “An insurer is not entitled to subrogation if
the insured’s loss is in excess of the amounts recovered from the insurer and
the third party causing the loss.”  Ortiz v. Great So. Fire & Cas. Ins.
Co., 597 S.W.2d 342, 343 (Tex. 1980); see also Oss v. United Serv.’s
Auto Ass’n, 807 F.2d 457, 459-60 (5th Cir. 1987) (noting and citing Ortiz);
Texas Ass’n of School Boards, Inc. v. Ward, 18 S.W.3d 256, 261 (Tex.
App.—Waco 2000, pet. denied) (same); Esparza v. Scott & White Health
Plan, 909 S.W.2d 548, 551-52 (Tex. App.—Austin 1995, writ denied) (same).  

While an insurance contract providing expressly for
subrogation may remove from the realm of equity the question of whether the insurer has a
right to subrogation, it cannot answer the question of when the insurer is actually entitled to subrogation or how much
it should receive.  See Duval
County Ranch Co. v. Alamo Lumber Co.,
663 S.W.2d 627, 637 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.); see also Shelter Ins. Co. v. Frohlich, 498 N.W.2d 74, 79 (Neb. 1993).  The principal
purpose of an insurance contract is to protect the insured from loss, thereby
placing the risk of loss on the insurer.  Ortiz, 597 S.W.2d at 344.  The insurer has
accepted payments from the insured to assume this risk of loss.  Therefore, if
“either the insurer or the insured must to some extent go unpaid, the loss
should be borne by the insurer for that is a risk the insured has paid it to
assume.”  Id. (quoting Garrity v. Rural Mut. Ins. Co.,
77 Wis.2d 537, 253 N.W.2d 512, 514 (1977)).  This basic principle cannot be
summarily overcome by a boiler-plate provision in an insurance contract that
purports to entitle the insurer to subrogation out of the first monies received
by the insured.  To find otherwise would be to defeat the fundamental
contractual expectations of the average insured.  Oss v. United
Servs. Auto. Ass'n, 807 F.2d 457, 460 (5th Cir. 1987).

 

Esparza, 909 S.W.2d at 551-52.

 

          Fortis’s contractual
subrogation and reimbursement rights are subject to the “made whole” doctrine. 
Ward, 18 S.W.3d at 259-61; Esparza, 909 S.W.2d at 551-52. 
Moreover, the subrogation and reimbursement clause is not an assignment, which
the “made whole” doctrine might not apply to.  See Silverthorne v. Mosley,
929 S.W.2d 680, 681 (Tex. App.—Austin 1996, writ denied) (mere promise to pay
debt from designated fund does not create assignment); cf. Lexington Ins.
Co. v. Gray, 775 S.W.2d 679 (Tex. App.—Austin 1989, writ denied)
(distinguishing equity’s application to assignment and to subrogation), disapproved
on other grounds by Amberboy v. Societe de Banque Privee, 831 S.W.2d 793
(Tex. 1992).  We overrule issue one.

          In its third issue, Fortis
asserts that the summary judgment is error because Vanessa did not demonstrate
as a matter of law that she was not “made whole.”  In response to Vanessa’s
summary judgment motion, Fortis did not object to the life care plans’ future
medical expense estimates or to Vanessa’s attorney’s affidavit testimony that
her past medical expenses were at least $378,500 and that her total past and
future medical expenses exceed $2,000,000.  Nor did Fortis file any evidence
relating to Vanessa’s past and future medical expenses in an attempt to create
a fact issue on whether Vanessa had been made whole by the settlement and by Fortis’s
payment of health care benefits on her behalf.  Fortis filed summary judgment evidence
only on its contractual right to reimbursement and the amount that it had paid
on Vanessa’s behalf.

          The life care plans
estimate Vanessa’s future medical expenses to be in the range of $1,700,000 to
$5,000,000.  Even assuming that the life care plans and the affidavit testimony
on past medical expenses are hearsay, this evidence was not objected to by
Fortis, and as such, they are admissible, competent, and sufficient to support
summary judgment.  See Tex. R.
Evid. 802 (stating that hearsay not objected to has probative value); Choctaw
Properties, L.L.C. v. Aledo ISD, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003,
no pet.) (hearsay must be objected to and ruling must be obtained to preserve a
complaint for appeal); Columbia Rio Grande Reg’l Hosp. v. Stover, 17
S.W.3d 387, 396 (Tex. App.—Corpus Christi 2000, no pet.) (hearsay not
specifically objected to was competent to support summary judgment motion); In
re J.A.M., 945 S.W.2d 320, 322 (Tex. App.—San Antonio 1997, no writ)
(inadmissible hearsay in summary judgment affidavit has probative value if not
objected to).

          We hold that Vanessa’s
summary judgment evidence that her past and future medical expenses exceed
$2,000,000 is competent and sufficient to establish as a matter of law that she
was not “made whole” by the $1,445,000 received in settlement and the
$247,534.14 in health insurance benefits paid by Fortis.  We also hold that,
under these facts, Vanessa was not required to allocate the settlement amount
to her various damages because her insured interest alone — her medical
expenses — exceeds the settlement and health insurance benefits.  In
conclusion, Vanessa established that her insured interest — medical expenses —
sustained an injury in excess of $2,000,000, but she received total
compensation (settlement plus health insurance benefits) of only approximately
$1,700,000.  We overrule issue three.

          In its second issue,
Fortis complains that the trial court erred in granting summary judgment by
ignoring other alleged equitable issues (e.g., settling without the
consent of Fortis) relating to Fortis’s subrogation rights.  But based on the
evidence and circumstances in this case, we do not find any inequitable conduct
on Vanessa’s part that would constitute grounds for finding that she was “made
whole” by the settlement or that she should otherwise share any of the
settlement proceeds with Fortis.  Cf.  Esparza, 909 S.W.2d at 552 (affirming
trial court’s award of one-half of health insurance benefits paid on behalf of
plaintiff where plaintiff settled with defendant for less than policy limits,
released defendant, and nonsuited claim for past medical expenses).  We
overrule issue two.

          In its fourth issue,
Fortis complains about the trial court’s granting of Sundance’s amended motion
for partial judgment on the ground that the trial court had already granted
Vanessa’s summary judgment motion and had completely disposed of all of Fortis’s
claims.  In granting Vanessa’s motion for summary judgment and by ordering that
Fortis “take nothing in its intervention in this lawsuit,” the trial court
granted excess relief as to the defendants, including Sundance.  However, the
trial court corrected its error during its plenary power period, apparently
finding that Fortis’s pretrial agreement precluded a recovery from the
defendants.  Furthermore, Fortis was required to bring an issue on appeal
concerning the summary judgment order’s excess relief.  Beathard Joint
Venture v. West Houston Airport Corp., 72 S.W.3d 426, 436 (Tex. App.—Texarkana 2002, no pet.) (holding that appellant must raise as an issue on appeal
that excess relief was improperly granted in summary judgment order); Toonen
v. United Serv’s. Auto. Ass’n, 935 S.W.2d 937, 942 (Tex. App.—San Antonio
1996, no writ) (same).  By not complaining of or briefing the summary judgment
order’s excess relief, Fortis has waived any complaint, and the order cannot be
reversed.  San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209-20 (Tex. 1990); SMI/USA, Inc. v. Profile Technologies, Inc., 38 S.W.3d 205, 208 n.3
(Tex. App.—Waco 2001, no pet.).

          Having so found, we need
not consider the remainder of Fortis’s issues involving whether it had released
its claims against the defendants.

          The trial court’s judgment
is affirmed.

 

 

                                                                              BILL VANCE

                                                                             Justice

 

Before
Chief Justice Gray

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray dissents without an opinion)

Affirmed

Opinion
delivered and filed May 25, 2005

[CV06]