Opinion filed December 21, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00144-CV 

                                                    __________

 

 ROSA=S CAFÉ, INC.; BOBBY COX COMPANIES, INC.; AND THE BOBBY
COX COMPANIES EMPLOYEE INJURY BENEFIT PLAN, Appellants

 

                                                             V.

 

MITCH WILKERSON, INDIVIDUALLY AND AS SURVIVING SPOUSE
AND REPRESENTATIVE OF THE ESTATE OF JOHNNA JEAN WILKERSON, DECEASED; AND DAVID
MEDLIN, AS NEXT FRIEND AND NATURAL FATHER OF JONATHAN DAVID MEDLIN, A MINOR,
Appellees

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CV-43,873

 



 

                                                                   O
P I N I O N

 








This appeal involves the enforcement of a
subrogation provision contained in a settlement agreement executed in
conjunction with the payment of death benefits under an ERISA benefit
plan.  See Employee Retirement
Income Security Act, 29 U.S.C. '
1001 - 1461 (2005).  The parties executed
the settlement agreement after a fatal automobile accident which caused the
death of the plan participant.  Under the
terms of the settlement agreement, the benefit plan was entitled to recover
reimbursement for all of the death benefits paid under the plan from any
recovery obtained by the plan beneficiaries from the third-party
tortfeasor.  The trial court did not
enforce the reimbursement provision of the settlement agreement.  We reverse and render in part and remand in
part.

                                                               Background
Facts

Johnna Jean Wilkerson died as a result of an
automobile accident alleged to have been caused by the negligence of Lois
Hesser.  The decedent was an employee
of  Rosa=s
Café, Inc. at the time of the accident (May 10, 2002).  As an employee, the decedent was a
participant in a benefit plan provided by her employer.[1]  Under the terms of the plan, the decedent=s surviving spouse and minor child were
entitled to death benefits as a result of the decedent=s
death occurring during the course of her employment.[2]   

                                  The
First Lawsuit and Resulting Settlement Agreement

In order to facilitate the payment of the death
benefit to Wilkerson and the minor child, appellees filed suit in the 385th
District Court of Midland County on November 14, 2002, against Rosa=s Café, Inc.  The parties, including a guardian ad litem
appointed to represent the minor child, executed a document entitled ASettlement, Indemnification, and
Subrogation Agreement@
(the settlement agreement) in conjunction with the friendly suit on November
21, 2002.  With respect to the right of
appellants to obtain reimbursement for the death benefits paid to appellees
under the plan, the settlement agreement provided  as follows:








8.  Each of
the undersigned signatories for the Releasors acknowledges that he has read the
subrogation provisions in Section V.C. of the Plan, which Section V.C. is
incorporated by reference into this Agreement the same as if it were set forth
here in full.  Mr. Wilkerson, both
individually and as Independent Executor of the Will and Estate of Johnna J.
Wilkerson, Deceased, and Jonathan David Medlin, each agrees, represents and
warrants that he will perform all of the obligations set forth in Section V.C.
of the Plan, and each of them agrees and acknowledges that the Plan, Bobby Cox
Companies, Inc. and Rosa=s
Café, Inc. have all of the rights set forth in Section V.C. of the Plan and that
they are entitled to subrogate and to recover the full amount of $230,230,
without any offsets or reductions to that amount, from any recovery, by
settlement or judgment, that Mr. Wilkerson, Mrs. Wilkerson=s estate and/or Jonathan David Medlin
may make on any claim or in any lawsuit against Mrs. Lois Hesser, based on Mrs.
Wilkerson=s death
or fatal injuries, or otherwise arising out of the Automobile Accident,
excepting only Social Security benefits and life insurance proceeds that they
may receive as a result of Mrs. Wilkerson=s
death.  Mr. Wilkerson, both individually
and as Independent Executor of the Will and Estate of Johnna J. Wilkerson,
Deceased, and Jonathan David Medlin each agrees, represents and warrants that
he will permit and assist the Bobby Cox Companies Employee Injury Benefit Plan
to intervene in any lawsuit against Mrs. Hesser, that he will cooperate in all
respects with the Plan in exercising in such lawsuit its subrogation rights in
this paragraph, and that, through his counsel, he will provide prior notice to
counsel for the Plan of all settlement negotiations, hearings, mediations,
trial settings and depositions.[3]  (Emphasis added)

 








In addition to the foregoing provision, the signature pages for
Wilkerson, Medlin, and the minor=s
guardian ad litem contained the following language which the respective
signatories swore to under oath before a notary:

I
also understand that the Bobby Cox Companies Employee Injury Benefit Plan will
be entitled to receive the first $230,230, without offset or reduction, from
any settlement with or judgment against anyone else in connection with [my wife=s/my son=s
mother=s/Mrs.
Wilkerson=s] death
and fatal injuries.

 

The trial court entered a judgment in the first lawsuit which
incorporated the terms of the settlement agreement and expressly approved its
terms.  None of the parties appealed the
judgment.

                                                              The
Second Lawsuit

This appeal arises from the suit appellees filed
against Hesser in the 142nd District Court of Midland County.  Appellees reached an agreement with Hesser
wherein Hesser confessed judgment in the amount of $2,000,000.  However, appellees agreed to accept the sum
of $255,000 from Hesser in settlement for the confessed judgment amount.  Appellants filed a plea in intervention in
order to obtain reimbursement from the recovery obtained by appellees from
Hesser.  Appellants asked the trial court
to enforce the terms of the settlement agreement by requiring appellees to reimburse
them for the death benefits paid under the plan from the $255,000 paid by
Hesser to appellees.

The parties submitted their contentions to the
trial court on an informal basis.  After
hearing arguments and receiving post-submission briefs from the parties, the
trial court denied in part appellants=
intervention claim.  The trial court
apportioned the settlement funds received from Hesser  in three equal shares of $85,000 between
Wilkerson, the minor child, and the decedent=s
estate.  The trial court awarded the
$85,000 apportioned to the decedent=s
estate to appellants under the court=s
interpretation of the benefit plan=s
terms.[4]  Appellants challenge the trial court=s judgment in two issues.

                                                                 Issues
on Appeal








Appellants assert in their first issue that the
trial court erred by ignoring the express terms of the settlement agreement
requiring complete reimbursement for the $230,230 paid in plan benefits.  In their second issue, appellants argue that
the judgment entered in the first lawsuit prevents appellees from raising any defenses
to the enforcement of the settlement agreement. 
Each of appellants=
issues are premised on the assertion that the trial court should have enforced
the terms of the settlement agreement as written.

                                                                        Analysis

In the absence of formal findings of fact and
conclusions of law, the trial court=s
judgment will be upheld on any legal theory that finds support in the
evidence.   Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990).   The
briefs filed in this appeal address two legal theories which would support the
trial court=s
judgment.  The first theory relates to
the trial court=s
informal statement that the ruling was based on its interpretation of the terms
of the benefit plan rather than the terms of the settlement agreement.  The second theory involves appellees= contention both at trial and on appeal
that appellants were not entitled to complete reimbursement of their
subrogation claim under the Amade
whole@
doctrine.   See Ortiz v. Great
S. Fire & Cas. Ins. Co., 597 S.W.2d 342, 344 (Tex. 1980).  

                                       The
Express Terms of the Settlement Agreement

Appellants assert that the trial court erred by
ignoring the express terms of the settlement agreement requiring complete
reimbursement of the $230,230 paid in plan benefits.  In construing a written contract, the primary
concern of the court is to ascertain the true intentions of the parties as
expressed in the instrument.  Coker v.
Coker, 650 S.W.2d 391, 393 (Tex. 1983). 
If the written instrument is worded so that it can be given a certain or
definite legal meaning or interpretation, then the instrument is not ambiguous;
and the court will construe the contract as a matter of law.  Id. at 393.  The terms of the settlement agreement which
we have previously quoted at length expressly provide that appellants are
entitled to full reimbursement for the $230,230 in death benefits paid to
Wilkerson and the minor child from any recovery they obtained from Hesser
without offset or reduction.  

The trial court implicitly rejected the terms of
the settlement agreement by utilizing a construction of the original benefit
plan=s terms
in reaching its decision.  The trial
court erred in this regard.  The
subsequently executed settlement agreement contained the following provision:

This Agreement contains the entire agreement
between the parties to this Agreement, reduced to writing, and supersedes and
cancels any and all prior agreements and arrangements as to the matters covered
herein or relating hereto.

 








This provision is typically referred to as a Amerger clause.@  In general, a merger clause is a contractual
provision to the effect that the written terms of the contract may not be
varied by prior agreements because all such agreements have been merged into
the written document.  See IKON Office
Solutions, Inc. v. Eifert, 125 S.W.3d 113, 125 n.6 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied)(citing Black=s Law Dictionary 989 (6th ed.
1990)).  To the extent the terms of the
original benefit plan might have contradicted the terms of the settlement
agreement, the terms of the settlement agreement prevail under the merger
clause.[5]  Appellant=s
first issue is sustained.        In their second issue, appellants argue
that the incorporation of the settlement agreement into the judgment entered in
the first lawsuit prevents appellees from collaterally attacking the
enforcement of the settlement agreement in this proceeding.  Appellants are correct in this regard.  When an agreement between parties has been approved
by a court and made a part of its judgment, the agreement is no longer merely a
contract between private individuals but is the judgment of the court. Ex
parte Gorena, 595 S.W.2d 841 (Tex. 1979). 
Parties may not raise contractual defenses to an agreement incorporated
into a judgment because such defenses constitute impermissible collateral
attacks on the prior judgment. Id. 
Appellants= second
issue is sustained.

                                                         The
Made Whole Doctrine








Appellees contend that appellants are not entitled
to recover full reimbursement for the $230,230 paid in plan benefits because
they were not Amade
whole@ by
Hesser for their losses resulting from the decedent=s
death.  Under the made whole doctrine, an
insurer is not entitled to subrogation if the insured=s
loss is in excess of the amounts recovered from the insurer and the third party
causing the loss.  Ortiz, 597
S.W.2d at 344.  The made whole doctrine
is an equitable theory based upon the concept that if either the insurer or
insured must go unpaid, the insurer should bear the loss.  Esparza v. Scott & White Health Plan,
909 S.W.2d 548, 551‑52 (Tex. App.CAustin
1995, writ denied).  The doctrine has
been applied in a variety of contexts to reduce or eliminate an insurer=s subrogation claim.  See Fortis Benefits v. Cantu, 170
S.W.3d 755 (Tex. App.CWaco
2005, pet. filed)(contractual subrogation); Texas Ass=n of School Boards, Inc. v. Ward, 18
S.W.3d 256 (Tex. App.CWaco
2000, pet. denied)(statutory subrogation); Esparza, 909 S.W.2d at 551-52
(contractual subrogation).  Since
appellants=
subrogation claim arises from contractual provisions, we focus our attention on
the cases discussing contractual subrogation. 


Appellees contend that the recent holding in Fortis
Benefits is dispositive.  Fortis
Benefits involved a subrogation claim of an insurer that provided health
insurance benefits.  The insurer asserted
that the made whole doctrine does not apply to a  contractual subrogation claim.  Relying upon the holding in Esparza,
the court rejected the insurer=s
contention.  Fortis Benefits, 170 S.W.3d
at 758.  In Esparza, the court
held that the application of the made whole doctrine cannot be summarily
overcome by a boiler‑plate provision in an insurance contract that
purports to entitle the insurer to subrogation out of the first monies received
by the insured.  Esparza, 909
S.W.2d at 551‑52.  The court ruled
that, A[w]hile
an insurance contract providing expressly for subrogation may remove from the
realm of equity the question of whether the insurer has a right to
subrogation, it cannot answer the question of when the insurer is
actually entitled to subrogation or how much it should receive.@ 
Esparza, 909 S.W.2d at 551. (Emphasis in original)

Fortis Benefits and Esparza would be
analogous to the facts in this case if appellants were only relying upon the
subrogation provision contained in the original benefit plan.  In this regard, we do not question the
propriety of applying the made whole doctrine to an insurance contract written
before the insurer and insured have knowledge of the circumstances which will
cause the payment of benefits under the policy. 
The facts in this appeal are much different.  Here, the subrogation claim arises from a
settlement agreement executed after the event which triggered the payment of
benefits giving rise to the subrogation claim. 
The parties, aided by counsel, presumably had knowledge of the loss
sustained by the insured and of the third-party tortfeasor=s financial wherewithal to compensate
the insured for its loss.  The settlement
agreement expressly provides that appellants are entitled to complete
reimbursement from the recovery obtained from Hesser without any reduction or
offset.  We conclude that the parties
contractually waived the application of the made whole doctrine by executing
the settlement agreement under these circumstances.  

                                                               This
Court=s Ruling








The judgment of the trial court is reversed.  Judgment is rendered that Rosa=s Café, Inc.; Bobby Cox Companies,
Inc.; and the Bobby Cox Companies Employee Benefit Plan recover  $230,230 from the $255,000 paid by Hesser to
appellees.  All remaining issues are
remanded to the trial court.

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

December 21, 2005

Panel
consists of: Wright, C.J., and

McCall,
J., and McCloud, S.J.[6]

 

 











     [1]Appellants
are the decedent=s employer, Rosa=s Café,
Inc; the benefit plan, the Bobby Cox Companies Employee Injury Benefit Plan;
and the sponsor and administrator of the benefit plan, Bobby Cox Companies, Inc.





     [2]Appellees
are Mitch Wilkerson (Wilkerson), the decedent=s
surviving husband, and David Medlin (Medlin), the father of her surviving minor
child, Jonathan David Medlin.  Wilkerson
filed suit in both his individual capacity and as representative of the
decedent=s estate.  Medlin
filed suit solely in a representative capacity on behalf of the minor.





     [3]Section
V.C. of the plan provided in relevant part as follows: 

 

1.  If a
Participant (or if the Participant=s Death
Beneficiaries, spouse, heirs, parents or legal representatives) seeks, becomes
entitled to, or receives Plan benefits for any injury or death caused by the
negligent or wrongful act or omission of any person, entity or organization
other than the Company or an Employer, and is entitled to or recovers any
damages or other compensation (in any form) on account of the injury or death,
whether by insurance, litigation, arbitration, settlement or otherwise, the
Participant (or his or her Death Beneficiaries, spouse, children, heirs,
parents or legal representatives) shall: 

 

a.   subrogate
his or her right to and reimburse the Plan out of said damages or other
compensation (including, if necessary, all such damages or other
compensation received by the Participant including, without limitation,
punitive or exemplary damages and any interest awarded and any portion awarded
or paid to the Participant as attorney=s fees or
to otherwise compensate the Participant=s
attorney for pursuing the claim against the person, entity or organization) to
the full extent (i.e. 100%) of the Plan benefits paid to and on behalf of the
Participant and without regard to whether said damages or other compensation
fully compensate the Participant for his or her injuries and  claims against the person, entity or
organization, without regard to whether the Participant was able to recover the
full amount of his or her claims against the person, entity or organization,
and without regard to the nature of the damages or other compensation recovered
by the Participant.

 

2.  A
Participant, by participation in this Plan, agrees that his or her Death
Beneficiaries, spouse, children, heirs, parents and legal representatives shall
be obligated to comply will all of the Participant=s obligations under this Paragraph with regard to any
claim arising from an injury to or the death of the Participant, and the
receipt and acceptance of all or part of a Death Benefit shall constitute
agreement and acceptance by the accepting person or entity of all the terms and
conditions of the Plan, including those of this Paragraph.





     [4]The
trial court did not enter formal findings of fact and conclusions of law.  However, the trial court sent a letter to the
parties which explained the rationale for its ruling.  The trial court based its determination on
its interpretation of the plan=s terms.  The
court concluded that, under the terms of the benefit plan, appellants were only
entitled to recover reimbursement for benefits paid directly to a plan
participant but not a beneficiary of a death benefit paid under the plan.





     [5]
As a result of our holding in this appeal, we do not review the trial court=s interpretation of the original benefit plan=s terms.





     [6]Austin
McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at
Eastland sitting by assignment.